IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| XL BRANDS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| BASE KING, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, XL Brands LLC ("XL Brands"), for its Complaint against defendant, Base King, LLC ("Base King") alleges and avers as follows:

## NATURE OF THIS ACTION

1.      This is an action for trademark infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices as a result of Base King's unlawful adoption and use of the designations "EnviroSTIX" and "STIXTAPE."  XL Brands is the owner of the federally registered trademark STIX®, which it uses both alone and as a formative with other words to promote and advertise its floor covering products.  XL Brands uses both the formative STIX® trademark and many other federally registered "STIX®" trademarks, including DYNA-STIX®, STIX ESSENTIAL®, DRISTIX® and PADSTIX®.  XL Brands is the owner of U.S. Trademark Registration Nos. 1,824,786 for the trademark STIX® (copy attached as Exhibit A); 4,251,229 for the trademark DYNA-STIX® (copy attached hereto as Exhibit B); 4,747,310 for the trademark STIX ESSENTIAL® (copy attached hereto as

Exhibit C); 4,787,433 for the trademark DRISTIX® (copy attached hereto as Exhibit D) and 4,834,927 for the trademark PADSTIX® (copy attached hereto as Exhibit E). XL Brands has developed, at great effort and expense, exceedingly valuable good will with respect to these trademarks, and as well for a family of "STIX®" trademarks.

2.      Base King has adopted and is using the designations "EnviroSTIX" and "STIXTAPE," both of which incorporate the distinctive trademark and formative element "STIX", for highly related floor covering goods and services in the same or overlapping channels of trade.  For those and other reasons, Base King's use of the designations "EnviroSTIX" and "STIXTAPE" is likely to cause confusion, mistake or deception in violation of federal and state laws, and injures XL Brands' goodwill and reputation as symbolized by its "STIX®" trademarks, including its federally registered trademark STIX®.

3.      This is also an action for false advertising and misuse of the registered trademark symbol "®" by Base King.  Base King is improperly using the "®" registration symbol in association with trademarks for which Base King has not obtained a federal registration from the United States Patent and Trademark Office. Further, Base King is improperly using the "®" registration symbol with trademarks displayed with certain goods for which Base King has not obtained a federal registration from the United States Patent and Trademark Office covering such goods. Base King has falsely represented that it owns or uses certain federally registered trademarks, and further, falsely represented that its use of certain trademarks with certain goods is protected by a federally registered trademark.

**THE PARTIES**

4.      XL Brands is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business at 198 Nexus Drive, Dalton, Georgia 30721, which is within the Northern District of Georgia.

5.      Upon information and belief, Base King is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business at 137 Lower Dug Gap Road, Dalton, Georgia 30720, which is within the Northern District of Georgia.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1332.  This Court has supplemental jurisdiction over the related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

7.      This Court has personal jurisdiction over Base King because, on information and belief, Base King resides in this State, transacts business in this State, has committed tortious acts in this State, has committed tortious acts outside this State causing injury in this State and has derived substantial revenue and engaged in a persistent course of conduct in this State and the claims alleged herein arise out of such acts, and/or has otherwise established contacts within this State making the exercise of personal jurisdiction proper.

8.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391(b) and (c) because Base King resides within the State of Georgia, Base King has extensive contacts and has conducted business continuously and systematically within

the State of Georgia and in this judicial district for many years and continues to conduct that business today, the causes of action asserted in this Complaint arise out of Base King's actions within this judicial district and Base King's actions have caused injury to the XL Brands in this judicial district.

**FACTUAL BACKGROUND**

9.        XL Brands is a leading manufacturer and distributor of products in the floor covering industry.  More particularly, XL Brands has more than three (3) decades of experience in manufacturing and selling adhesives for carpet and flooring materials.  In addition to adhesive products, XL Brands also makes and sells floor preparation products, such as concrete sealer, primer and adhesive residue encapsulator.

10.        Since at least as early as 1983, XL Brands has continuously and extensively used STIX throughout the United States as a trademark for, and in advertising and promotion of, carpet and flooring adhesive materials.  Examples of XL Brands' products bearing the STIX® trademark are depicted below and in the XL Brands' catalog attached hereto as Exhibit F.



As a result of these and other uses, the trademark "STIX®" is well-known and the relevant public recognizes and relies on the trademark "STIX®" to distinguish XL Brands' goods from those of others.

11.     In addition, XL Brands has widely used the trademark STIX® as a formative, together with other words, throughout the United States as trademarks for, and in advertising and promotion of, carpet and flooring adhesive materials.  Other formative "STIX®" trademarks include at least the following STIX®–brand products for the listed applications:

| Trademark | Application |
|---|---|
| STIX® 1000 | Carpet and cork adhesive |
| STIX® Platinum | Carpet adhesive |
| GOLD STIX® | Carpet and sheet vinyl adhesive |
| STIX® 800 | Carpet and sheet vinyl adhesive |
| STIX® IRON | Carpet and sheet vinyl adhesive |
| STIX® 4000 | Cove base adhesive |
| STIX® 4500 | Cove base adhesive |
| STIX® 5100 | Vinyl and rubber sheet and tile flooring adhesive |
| STIX® 5300 | Vinyl luxury tile, luxury vinyl plank, solid vinyl sheet and plank, vinyl composite tile and fiberglass backed sheet goods |
| STIX® 5400 | Resilient flooring adhesive |
| STIX® 5500 | Vinyl flooring adhesive |
| STIX® 5600 | Vinyl flooring adhesive |
| STIX® 5800 | Vinyl and rubber flooring adhesive |
| STIX® 5900 | Vinyl flooring adhesive |
| STIX® 6010 | Wood flooring adhesive |
| STIX® SEAM | Seam sealer adhesive |
| STIX® SEAM 10K | Seam sealer adhesive |
| STIX® SEAM LATEX | Seam sealer adhesive |
| STIX® 2230 | Carpet tile, fiberglass backed sheet, solid vinyl tile, plank and sheet, polyvinyl chloride sheet and double stick pad to floor |

12.     These "STIX®" trademarks are used and promoted in a manner to create public recognition of the trademark "STIX®" and of the trademark "STIX®" as coupled with another term, (i.e., the "STIX®" formative trademarks) all to identify and distinguish the goods of XL Brands.   Through XL Brands' extensive and widespread use of the "STIX®" trademarks, including the "STIX®" formative trademarks, the relevant public has come to recognize the trademark "STIX®" and trademarks combining the "STIX®" formative together with another word as used for carpet and flooring adhesive products to identify XL Brands as the source of such products.

13.     XL Brands is the owner of a federal trademark registration, U.S. Trademark Registration No. 1,824,786 (Exhibit A), issued by the United States Patent and Trademark Office on March 8, 1994, for the "STIX®" trademark as used for "chemicals; namely, carpet and flooring adhesives."   Affidavits have been timely filed pursuant to Sections 8, 9 and 15 of the Lanham Act, 15 U.S.C. §§ 1058, 1059 and 1065, and XL Brands' STIX® registration is valid, incontestable and in full force and effect.

14.     As a result of XL Brands' longstanding use of the "STIX®" trademark, extensive sales enjoyed under it, and widespread advertising and promotion, XL Brands has developed substantial value and goodwill in the "STIX®" trademark.  The relevant public, including consumers who purchase carpet and flooring adhesive products, recognizes the "STIX®" trademark as a source identifier for XL Brands'

goods and believes that goods sold in connection with the "STIX®" trademark will be of high quality and reliability for which XL Brands' goods are known.

15.     XL Brands is the owner of a federal trademark registration, U.S. Trademark Registration No. 4,251,229 (Exhibit B), issued by the United States Patent and Trademark Office on November 27, 2012 for the "STIX®" formative trademark DYNA-STIX® as used for "adhesives for use on flooring materials."  XL Brands' DYNA-STIX® registration is valid and in full force and effect.

16.     XL Brands uses the trademark DYNA-STIX® for the listed applications:

| Trademark | Application |
|---|---|
| DYNA-STIX® BLB | Broadloom carpet adhesive |
| DYNA-STIX® MOD | Modular carpet adhesive |
| DYNA-STIX® NPB | Non-PVC backed modular tile |
| DYNA-STIX® VB | Vinyl flooring adhesive |
| DYNA-STIX® VCT | Vinyl composition tile adhesive |
| DYNA-STIX® WDU | Wood flooring adhesive |
| DYNA-STIX® STP | Wood flooring adhesive |
| DYNA-STIX® WOOD | Wood flooring adhesive |

17.     As a result of XL Brands' use of the DYNA-STIX® trademark, extensive sales enjoyed under it, and widespread advertising and promotion, XL Brands has developed substantial value and goodwill in the DYNA-STIX® trademark. The relevant public, including consumers who purchase carpet and flooring adhesive products, recognizes the DYNA-STIX® trademark as a source identifier for XL Brands' goods and believes that goods sold in connection with the DYNA-STIX® trademark will be of high quality and reliability for which XL Brands' goods are known.

18.     XL Brands is the owner of a federal trademark registration, U.S. Trademark Registration No. 4,747,310 (Exhibit C), issued by the United States Patent and Trademark Office on June 22, 2015 for the "STIX®" formative trademark STIX ESSENTIAL® as used for "adhesives for flooring materials."  XL Brands' STIX ESSENTIAL® registration is valid and in full force and effect.

19.     XL Brands uses the trademark STIX ESSENTIAL® in the form STIX ESSENTIAL® RES for aerosol applied resilient flooring adhesives, and further in the form STIX ESSENTIAL® MOD for aerosol applied modular carpet tile adhesive.

20.     As a result of XL Brands' use of the STIX ESSENTIAL® trademark, extensive sales enjoyed under it, and widespread advertising and promotion, XL Brands has developed substantial value and goodwill in the STIX ESSENTIAL® trademark.  The relevant public, including consumers who purchase carpet and flooring adhesive products, recognizes the STIX ESSENTIAL® trademark as a source identifier for XL Brands' goods and believes that goods sold in connection with the trademark will be of high quality and reliability for which XL Brands' goods are known.

21.     XL Brands is the owner of a federal trademark registration, U.S. Trademark Registration No. 4,787,433 (Exhibit D), issued by the United States Patent and Trademark Office on August 4, 2015 for the "STIX®" formative trademark DRISTIX® as used for "adhesives for flooring materials."  XL Brands' DRISTIX® registration is valid and in full force and effect.

22.     XL Brands uses the trademark DRISTIX® trademark for an adhesive for flooring material.

23.       As a result of XL Brands' use of the DRISTIX® trademark, extensive sales enjoyed under it, and widespread advertising and promotion, XL Brands has developed substantial value and goodwill in the DRISTIX® trademark.  The relevant public including consumers who purchase carpet and flooring adhesive products, recognizes the DRISTIX® trademark as a source identifier for XL Brands' goods and believes that goods sold in connection with the trademark will be of high quality and reliability for which XL Brands' goods are known.

24.       XL Brands is the owner of a federal trademark registration, U.S. Trademark Registration No. 4,834,927 (Exhibit E), issued by the United States Patent and Trademark Office on October 20, 2015 for the "STIX®" formative trademark PADSTIX® as used for "adhesives for flooring material, namely, carpet cushion."  XL Brands' PADSTIX® registration is valid and in full force and effect.

25.       XL Brands uses the trademark PADSTIX® for an adhesive for carpet cushion.

26.       As a result of XL Brands' use of the PADSTIX® trademark, extensive sales enjoyed under it, and widespread advertising and promotion, XL Brands has developed substantial value and goodwill in the PADSTIX® trademark.  The relevant public, including consumers who purchase carpet and flooring adhesive products, recognizes the PADSTIX® trademark as a source identifier for XL Brands' goods and believes that goods sold in connection with the trademark will be of high quality and reliability for which XL Brands' goods are known.

27.    XL Brand's federal trademark registrations constitute *prima facie* evidence of XL Brands' exclusive right to use the "STIX®" trademarks set forth therein in connection with the goods recited in such registrations.

28.    By virtue of XL Brands' use and ownership of the federally registered trademark STIX®, the "STIX®" formative trademarks DYNA-STIX®, STIX ESSENTIAL®, DRISTIX® and PADSTIX®, and other "STIX®" formative trademarks (including at common law), XL Brands owns a family of "STIX®" trademarks that are used in such a way that the relevant public associates not only the individual trademarks, but also the common characteristic "STIX®", with XL Brands.  As a result of extensive use of these trademarks by XL Brands, the relevant public has come to recognize and rely on trademarks combining the trademark "STIX®" with another word for carpet and flooring adhesive and related products as being associated with XL Brands.  XL Brands has developed, at great effort and expense, a valuable goodwill with respect to the specific trademarks listed above, as well as for its "STIX®" family of trademarks.

## BASE KING'S INFRINGING ACTIVITIES

29.    In blatant disregard of XL Brands' prior rights, Base King is manufacturing, distributing, marketing, offering for sale and selling closely related adhesive products, to the same or substantially the same customers in the same or substantially the same commercial sector bearing the designation "ENVIROSTIX," examples of which are depicted below:

A copy of one of Base King's "ENVIROSTIX" brochures is attached hereto as Exhibit G.

30.     Base King sells a pre-applied poly-acrylic adhesive system under the designation "ENVIROSTIX."  Base King sells its "ENVIROSTIX" adhesive product for broadloom carpet, carpet tile, vinyl plank, luxury vinyl tile, rubber tile and sheet flooring.  Base King touts that its "ENVIROSTIX" product has the ability "to flow or 'wet out'" in use.   The foregoing applications for Base King's "ENVIROSTIX" adhesive product are the same type of applications as the adhesive products sold under XL Brands' federally registered STIX® trademark.

31.     Base King markets, offers for sale and sells its adhesive products under the designation "ENVIROSTIX" to the same type or class of customer as XL Brands markets, offers for sale and sells its STIX®–brand adhesive products.   A June 20,

2016 Google® search of the Internet for the terms "carpet adhesive" and the trademark "STIX" (copy attached hereto as Exhibit I) lists various "STIX®"-brand products offered by XL Brands, but also lists products offered by Base King under the designation "EnviroSTIX" designation.

32.     The goods sold by Base King under the designation "ENVIROSTIX" compete with the goods sold by XL Brands under the well-known STIX® trademark and the STIX® formative trademarks, and the parties' respective goods are sold through identical or overlapping channels of trade.

33.     XL Brands has used the "STIX®" trademark continuously for over twenty-seven (27) years before Base King began offering an adhesive products for sale bearing the confusingly similar designation "ENVIROSTIX".

34.     Base King's bad faith is, in part, evidenced not only by its use of the confusingly similar "ENVIROSTIX" designation, but also by, *inter alia*, the use of an initial capital letter "E" followed by "nviro" in small letters (for the "enviro" portion of the designation) and all capital letters for the "stix" portion of the designation. Such a presentation is evidence of Base King's bad faith intent to emphasize the "STIX" portion of the "ENVIROSTIX" designation, and to benefit (wrongly) from the goodwill earned and acquired by XL Brands.

35.     The goods marketed, sold and offered for sale by Base King under the designation "ENVIROSTIX" are not manufactured by XL Brands, nor is Base King associated or connected with XL Brands, nor is Base King or its use of the designation "ENVIROSTIX" for any products licensed, authorized, sponsored, endorsed, or approved by XL Brands in any way.

12

36.     Base King's use of the designation "ENVIROSTIX" is likely to deceive, confuse and mislead purchasers, prospective purchasers, and others into believing that the adhesive products sold and offered for sale by Base King under the "ENVIROSTIX" designation are sponsored by, authorized by, or are in some manner connected or associated with XL Brands, which they are not.  The likelihood of deception, confusion, and mistake engendered by Base King's misappropriation of XL Brands' "STIX®" trademark and unlawful use of the designation "ENVIROSTIX" is causing irreparable harm to the goodwill symbolized by the trademark "STIX®" and the formative "STIX®" trademarks, and the reputation for quality that they embody.

37.     Base King's activities are likely to cause confusion among purchasers, prospective purchasers and others viewing Base King's advertisements for its adhesive products offered for sale and sold under the designation "ENVIROSTIX" because such persons will likely be confused into believing or mistakenly attribute those Base King products to XL Brands.  Such confusion or mistake is especially damaging with respect to persons who perceive a defect or lack of quality in Base King's adhesive products.  By causing such a likelihood of confusion, mistake and deception, Base King is inflicting irreparable harm to XL Brands' goodwill as symbolized by the "STIX®" trademark and the reputation that the "STIX®" trademark embodies.

38.     In advertising its adhesive products, Base King uses the designations, *inter alia*, "EnviroSTIX® Applied Acrylic Adhesive," "EnviroSTIX® Pre-Applied Acrylic Adhesive System," "ENVIROSTIX PRIMER/SEALER," "EXPERIENCE THE

ENVIROSTIX® ADVANTAGE," "Introducing EnviroSTIX® – a pre-applied, poly-acrylic adhesive system," "EnviroSTIX® Application on Resilient Flooring," "ESSENTIAL ENVIROSTIX® INSTALLATION INSTRUCTIONS," (see Exhibit H) "ENVIROSTIX® SUCCESS STORIES," "EnviroSTIX® Adhesive System," "THE ENVIROSTIX® DIFFERENCE," "How does EnviroSTIX® work?," "EnviroSTIX® adhesive," and "ENVIROSTIX® SPECIFICATIONS" (Exhibit G).

39.     On information and belief, such uses of the designation "EnviroSTIX" have been made in an effort to confuse, mislead, deceive or cause the relevant public to mistakenly believe that the product or products offered for sale and sold under said designation originate or are approved by XL Brands, or that said designation is a member of the family of STIX® trademarks owned and used by XL Brands.

40.     Base King does not have a federal registration from the United States Patent and Trademark Office for the word mark "ENVIROSTIX".  Rather, Base King obtained federal Trademark Registration No. 4,058,441 (copy attached hereto as Exhibit J) for the service mark "ENVIROSTIX APPLIED POLY-ACRYLIC ADHESIVE SYSTEM and Design" as used for "application of a dry, sheet adhesive to flooring materials provided by others to yield custom-made flooring materials having pre-applied adhesive on a backing surface thereto."

41.     On information and belief, Base King knowingly and willfully used the "®" registration symbol in connection with the designation "EnviroSTIX" in an attempt to deceive or mislead consumers, potential consumers or others into believing that the mark "EnviroSTIX" is a federally registered trademark, when it is not.

42.     U.S. Trademark Registration No. 4,058,441 was issued to Base King on November 22, 2011, and alleges a date of first use of the mark in commerce of February 10, 2010.  U.S. Trademark Registration No. 4,058,441 was issued for the entire mark shown therein, and said registration is not incontestable under 15 U.S.C. § 1065.

43.     The mark shown in U.S. Trademark Registration 4,058,441 includes, incorporates and is confusingly similar to XL Brands' "STIX®" trademark as shown in XL Brands U.S. Trademark Registration No. 1,824,786.  Accordingly, Base King's U.S. Registration No. 4,058,441 is subject to cancellation in accordance with 15 U.S.C. §§ 1064(1) and 1119.

44.     Base King sells and offers for sale a concrete primer/sealer product under the designation "EnviroSTIX® Primer/Sealer" (see Exhibits G and H).  Base King does not have a federal registration from the United States Patent and Trademark Office for the word mark "EnviroSTIX," and further, does not have a federal registration from the United States Patent and Trademark Office for, or containing, the designation "EnviroSTIX" for goods such as a "primer/sealer" or any other floor or carpet primer or sealing product.

45.     On information and belief, Base King knowingly and willfully used the "®" registration symbol in connection with the term "EnviroSTIX® Primer/Sealer" in an attempt to deceive or mislead consumers, potential consumers or others into believing that the designation "EnviroSTIX" is registered for a primer/sealer product, when it is not.

46.     The goods marketed, sold and offered for sale by Base King under the designation "ENVIROSTIX® Primer/Sealer" are not manufactured by XL Brands, nor is Base King associated or connected with XL Brands, nor is Base King or its use of the designation "ENVIROSTIX® Primer/Sealer" or any other product licensed, authorized, sponsored, endorsed, or approved by XL Brands in any way.

47.     Base King's use of the designation "ENVIROSTIX® Primer/Sealer" is likely to deceive, confuse and mislead purchasers, prospective purchasers, and others into believing that the adhesive products sold and offered for sale by Base King under said designation are sponsored by, authorized by, or are in some manner connected or associated with XL Brands, which they are not.  The likelihood of deception confusion, and mistake engendered by Base King's misappropriation of XL Brands' "STIX®" trademark and unlawful use of the designation "ENVIROSTIX" is causing irreparable harm to the goodwill symbolized by the trademark "STIX®" and the formative "STIX®" trademarks and the reputation for quality that they embody.

48.     Base King's activities are likely to cause confusion among purchasers, prospective purchasers and others viewing Base King's advertisements for its products offered for sale or sold under the designation "ENVIROSTIX® Primer/Sealer" because such persons will likely be confused into believing or mistakenly attribute the Base King product to XL Brands.  Such confusion or mistake is especially damaging with respect to those persons who perceive a defect or lack of quality in Base King's Primer/Sealer products.  By causing such a likelihood of confusion, mistake and deception, Base King is inflicting irreparable harm to XL Brand's goodwill as symbolized by the "STIX®" trademark and the reputation that it embodies.

16

49.      Base King sells and offers for sale an adhesive tape for flooring under the designation "STIXTAPE® (see Exhibit K).  Base King does not have a federal registration from the United States Patent and Trademark Office for the designation STIXTAPE.

50.      On information and belief, Base King knowingly and willfully used the "®" registration symbol in connection with the designation "STIXTAPE" in an attempt to deceive or mislead consumers, potential consumers or others into believing that the designation STIXTAPE is a federally registered trademark, when it is not.

51.      The goods marketed, sold and offered for sale by Base King under the designation "STIXTAPE" are not manufactured by XL Brands, nor is Base King associated or connected with XL Brands, nor is Base King or its use of the designation "STIXTAPE" for any product licensed, authorized, sponsored, endorsed, or approved by XL Brands in any way.

52.      Base King's use of the designation "STIXTAPE" is likely to deceive, confuse or mislead purchasers, prospective purchasers, and others into believing that the adhesive product or products sold and offered for sale by Base King under the designation "STIXTAPE" are sponsored by, authorized by, or are in some manner connected or associated with XL Brands, which they are not.  The likelihood of deception, confusion, and mistake engendered by Base King's misappropriation of XL Brands' "STIX®" trademark and unlawful use of the designation "STIXTAPE" is causing irreparable harm to the goodwill symbolized by the trademark "STIX®" and the STIX® formative trademarks and the reputation for quality that they embody.

53.     Base King's activities are likely to cause confusion among purchasers, prospective purchasers and others viewing Base King's advertisements for its products offered for sale and sold under the designation "STIXTAPE" because such persons will likely be confused into believing or mistakenly attribute those Base King products to XL Brands.  Such confusion or mistake is especially damaging with respect to those persons who perceive a defect or lack of quality in Base King's products.  By causing such a likelihood of confusion, mistake and deception, Base King is inflicting irreparable harm to XL Brands' goodwill as symbolized by the "STIX®" trademark and the reputation that the "STIX®" trademark embodies.

## COUNT ONE

## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(a))

54.      XL Brands repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-53 as if fully set forth herein.

55.     Base King's unauthorized use of the designation "EnviroSTIX" is likely to cause confusion, mistake or to deceive with regard to XL Brands' prior use of its federally registered "STIX®" trademark in violation of 15 U.S.C. § 1114.

56.     Base King's unauthorized use of the designation "STIXTAPE" is likely to cause confusion, mistake or to deceive with regard to XL Brands' prior use of its federally registered "STIX®" trademark in violation of 15 U.S.C. §1114.

57.     Base King's use of confusingly similar imitations of XL Brands' STIX® trademark has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Base King's goods are

manufactured or distributed by XL Brands, or are affiliated, connected or associated with XL Brands or have the sponsorship, endorsement or approval of XL Brands.

58.     Base King has further caused a likelihood of confusion, mistake or deception with the federally registered "STIX®" trademark, as used both alone and as a formative for XL Brands "STIX®" family of trademarks, by creating the false and misleading impression that Base King's goods are manufactured or distributed by XL Brands, or are affiliated, connected or associated with XL Brands, or have the sponsorship, endorsement or approval of XL Brands.  The relevant public is likely to be confused into believing that Base King's products bearing the designation "STIX" in combination with another term, as in the designations "EnviroSTIX" or "STIXTAPE", originate with XL Brands, owner of the federally registered trademark "STIX®", in violation of 15 U.S.C. 1114.

59.     Base King has used colorable imitations of XL Brands' federally registered "STIX®" trademark that are confusingly similar thereto in violation of 15 U.S.C. § 1114.  Base King's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, will continue to injure XL Brands' goodwill and reputation as symbolized by the federally registered "STIX®" trademark, for which XL Brands has no adequate remedy at law.

60.     Base King's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with XL Brands' federally registered "STIX®" trademark to XL Brands' great and irreparable injury.

61.     Base King has cause and is likely to continue causing substantial injury to the public and to XL Brands, and XL Brands is entitled to injunctive relief and to recover Base King's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT TWO

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. §§ 1125(a))

62.     XL Brands repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-61 as if fully set forth herein.

63.     The goods sold and offered for sale by Base King under the designations "EnviroSTIX" and "STIXTAPE" are of the same nature and type as the goods sold and offered for sale by XL Brands under the trademark "STIX®" and XL Brands' "STIX®" formative trademarks.

64.     The goods sold and offered for sale by Base King under the designation "EnviroSTIX ® Primer/Sealer" are of the same nature and type as the goods sold and offered for sale by XL Brands under the trademark "STIX®" and the "STIX®" formative trademarks.

65.     Base King's use of confusingly similar imitations of XL Brands' STIX® trademark has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Base King's goods are manufactured or distributed by XL Brands, or are affiliated, connected or associated with XL Brands or have the sponsorship, endorsement or approval of XL Brands.

66.     Base King has made false representations, false descriptions and false designations of origin of their goods in violation of 15 U.S.C. §§ 1125(a). Base King's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, will continue to injure XL Brands' goodwill and reputation as symbolized by the "STIX®" trademark, for which XL Brands has no adequate remedy at law.

67.     Base King's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with XL Brands' "STIX®" trademark to the great and irreparable injury of XL Brands.

68.     Base King's conduct has caused, and is likely to continue causing, substantial injury to the public and to XL Brands and XL Brands is entitled to injunctive relief and to recover Base King's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT THREE

### UNFAIR AND DECEPTIVE TRADE PRACTICES

69.     XL Brands repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-68 as if fully set forth herein.

70.     Base King has been and is passing off its goods as those of XL Brands, causing a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of Base King's goods, causing a likelihood of confusion as to Base King's affiliation, connection or association with XL Brands and otherwise damaging

XL Brands and the public.  Base King's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade or commerce in violation of Georgia's Unfair Trade Practices Act, O.C.G.A. §§ 10-1-370 to 10-1-375 (2010).

71.     Base King's unauthorized use of confusingly similar imitations of XL Brands' "STIX®" trademark has caused and is likely to cause substantial injury to the public and to XL Brands, and XL Brands is entitled to injunctive relief and to recover damages, punitive damages, costs and reasonable attorneys' fees.

## COUNT FOUR

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

72.     XL Brands repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-71 as if fully set forth herein.

73.     Base King's acts constitute common law trademark infringement and unfair competition under the laws of the State of Georgia, and have created and will continue to create a likelihood of confusion to the irreparable injury of XL Brands unless restrained by this Court, and XL Brands has no adequate remedy at law for this injury.

74.     On information and belief, Base King acted with full knowledge of XL Brands' use of, and statutory and common law rights to, the "STIX®" trademark and without regard to the likelihood of confusion of the public created by Base King's activities.

75.     Base King's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with XL Brands' STIX® trademark to the great and irreparable injury of XL Brands.

76.     As a result of Base King's acts, XL Brands has been damaged in an amount not as yet determined or ascertained.  At a minimum, however, XL Brands is entitled to injunctive relief, an accounting of Base King's profit, damages and costs. Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of XL Brands' "STIX®" trademark, and the need to deter Base King from similar conduct in the future, XL Brands additionally is entitled to punitive damages.

### COUNT FIVE

### FALSE ADVERTISING AND MISUSE OF ® SYMBOL

77.     XL Brands repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-53 as if fully set forth herein.

78.     Base King's representation in its advertisements that the designations "EnviroSTIX," "EviroSTIX Primer/Sealer" and "STIXTAPE" are registered with the United States Patent and Trademark Office as indicated by the registration symbol "®" is untrue.  Base King, by the exercise of reasonable care, should have known that the designations "EnviroSTIX," "EviroSTIX Primer/Sealer" and "STIXTAPE" were not registered with the United States Patent and Trademark Office.  Base King's advertisements containing the untrue representation regarding the registered status of these designations are a misuse of the registration symbol and are intended to induce the public to purchase Base King's products.

79.     On information and belief, Base King's misuse of the "®" registration symbol was intended to confuse, mislead or deceive the relevant public.  Further, on information and belief, Base King's misuse of the "®" registration symbol was intended to confuse, mislead or deceive the relevant public into believing that the products offered under the designations "EnviroSTIX" or "STIXTAPE" are sponsored by, or associated, affiliated or connected with XL Brands, including by causing or misleading such persons to believe that Base King's products originated with XL Brands or that said designations are members of the XL Brands' family of "STIX®" trademarks.

80.     Base King's misuse of the "®" registration symbol constitutes a false representation, false description or false designation of origin in violation of 15 U.S.C. § 1125(a).  Base King's activities have caused and, unless enjoined by this Count, will continue to cause a likelihood of confusion, mistake and deception of the public and, additionally, will continue to injure XL Brands' goodwill and reputation as symbolized by the proper federally registered "STIX®" trademark, for which XL Brands has no remedy at law.

81.     Base King's actions demonstrate a disregard of the marking laws and an intentional, willful and malicious intent to trade upon the goodwill associated with the federally registered "STIX®" trademark and XL Brands' other federally registered "STIX®" trademarks, to the great and irreparable injury of XL Brands.

82.     Base King's conduct has caused, and is likely to continue causing, substantial injury to the public and to XL Brands and XL Brands is entitled to injunctive relief and to recover Base King's profits, actual damages, enhanced profits

and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

83.     As a result of Base King's acts, XL Brands has been damaged in an amount not as yet determined or ascertained.  At a minimum, however, XL Brands is entitled to injunctive relief, an accounting of Base King's profit, damages and costs. Further, in light of the deliberately fraudulent and malicious use of the "®" registration symbol, and the need to deter Base King from similar conduct in the future, XL Brands additionally is entitled to punitive damages.

**COUNT SIX**

**CANCELLATION OF U.S. REGISTRATION NO. 4,058,441**

84.     XL Brands repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-53 as if fully set forth herein.

85.     On or about March 1, 1994, XL Brands was issued U.S. Trademark Registration No. 1,824,786 (Exhibit A) for the trademark "STIX" as used for "chemicals; namely, carpet and flooring adhesives."  This registration is valid, in full force and effect, and incontestable.

86.     At great expense and effort, XL Brands has extensively and continuously used the trademark "STIX®" for carpet and flooring adhesives.

87.     In addition, XL Brands has adopted and used other "STIX®" trademarks for flooring and carpet related products.  Such other "STIX®" trademarks have been used and promoted in such a way as to cause the relevant public to recognize the trademark "STIX®", both alone and when coupled or used with another word or term, to identify a product of XL Brands.  In fact, XL Brands has built a

25

family of "STIX®" trademarks for flooring and carpet adhesives and related products, including but not limited to the trademark "DYNA-STIX®"(U.S. Registration No. 4,251,229); the trademark "STIX ESSENTIAL®" (U.S. Registration No. 4,747,310); the trademark "DRISTIX®" (U.S. Registration No. 4,787,433) and the trademark "PADSTIX®" (U.S. Registration 4,834,927).

88.     On or about November 22, 2011, Base King was issued U.S. Trademark Registration No. 4,058,441 for the designation "EnviroSTIX APPLIED POLY-ACRYLIC ADHESIVE SYSTEM and Design" as used for "application of a dry, sheet adhesive to flooring materials provided by others to yield custom-made flooring materials having preapplied adhesive on a backing surface thereto."

89.     The designation shown in Base King's U.S. Trademark Registration No. 4,058,441 (Exhibit I) incorporates and is confusingly similar to the trademark "STIX®" as used by XL Brands and as shown in XL Brands U.S. Trademark Registration No. 1,824,786.

90.     XL Brands' U.S. Trademark Registration No. 1,824,786 issued before Base King used or applied for registration of the designation "EnviroSTIX APPLIED POLY-ACRYLIC ADHESIVE SYSTEM AND DESIGN." XL Brands enjoys priority of use of the federally registered trademark "STIX®."

91.     This Count has the authority to cancel federal trademark registrations during infringement litigation.  See generally, 15 U.S.C. §§1064, 1119.  More specifically, this Count has the authority to cancel a registration for a trademark as likely to cause confusion within five (5) years from the date of any such trademark is registered in accordance with 15 U.S.C. §1051 et. seq.

92.     The continued registration of the trademark shown in Base King's U.S. Trademark Registration No. 4,058,441 damages XL Brands as it is confusingly similar to and inconsistent with U.S. Trademark Registration No. 1,824,786 for the trademark "STIX®, and XL Brands prior use of the federally registered trademark "STIX®", including as the formative for other "STIX®" trademarks.  Accordingly, U.S. Trademark Registration No. 4,058,441 should be cancelled in its entirety in that it is for a confusingly similar designation for closely related goods as set forth in the XL Brands' U.S. Trademark Registration No. 1,824,786 and as used by XL Brands, both alone and as a formative in XL Brands' family of "STIX®" trademarks.

## PRAYER FOR RELIEF

XL Brands therefore prays that:

1.     Base King and all agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by through or under authority from Base King, or in concert or participation with Base King, be permanently enjoined from:

a.     using the designation "EnviroSTIX", or any other copy, reproduction, colorable imitation, or simulation of the designation "EnviroSTIX", on or in connection with Base King's goods;

b.     using the designation "EnviroSTIX Primer/Sealer", or any other copy, reproduction, colorable imitation, or simulation of the designation "EnviroSTIX Primer/Sealer," on or in connection with Base King's goods;

c.      using the designation "STIXTAPE", or any other copy, reproduction, colorable imitation, or simulation of the designation "STIXTAPE", on or in connection with Base King's goods;

d.      using any trademark, service mark, name, logo, design or source designation that includes the trademark "STIX", or any copy, reproduction, colorable imitation, or simulation, or term confusingly similar thereto, on or in connection with Base King's goods, that is likely to cause confusion, mistake, deception in violation of federal and/or state laws, including any public misunderstanding that Base King's goods are produced or provided by XL Brands, or are sponsored or authorized by XL Brands, or are in any way connected or related to XL Brands;

e.      using any trademark, service mark, name, logo, design or source designation of any kind, including the "®" registration symbol, on or in connection with Base King's goods that is likely to cause confusion, mistake, deception or public misunderstanding that such goods are produced or provided by XL Brands, or are sponsored or authorized by XL Brands, or are in any way connected or related to XL Brands;

f.      passing off, palming off or assisting in passing off or palming off, Base King's goods as those of XL Brands, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

g.      using the "®" registration symbol in association with trademarks that are not registered with the United States Patent and Trademark Office;

2.      Base King be ordered to recall all products bearing any  "EnviroSTIX" or "STIXTAPE" designation, or any designation confusingly similar to XL Brands' "STIX®" trademark or any formative "STIX" trademarks, which have been shipped by Base King, or under Base King's authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Base King;

3.      Base King be ordered to deliver up for impounding and for destruction all paper products, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material or other materials in the possession, custody or control of Base King that are found to adopt or infringe any of XL Brands' trademarks or that otherwise unfairly compete with XL Brands and its products and services;

4.      Base King's U.S. Trademark Registration No. 4,058,441 be cancelled in its entirety;

5.      XL Brands recover its actual damages caused by Base King's conduct, and that such award be trebled;

6.      Base King be compelled to account to XL Brands for any and all profits derived by Base King under 15 U.S.C. §§ 1117, O.C.G.A. §§ 51-1-6 and the common law, and that based on Base King's known and intentional use of confusingly similar imitations of XL Brands' STIX® trademark, the damages award be trebled and the award of Base King's profits be enhanced;

7.      XL Brands be awarded punitive damages pursuant to O.C.G.A. §§ 51-12-5.1 in light of Base King's fraudulent, intentional and willful intent to mislead, deceive or confuse the public and the need to deter Base King from similar conduct in the future;

8.      Base King be required to pay to XL Brands the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117 and the state statutes cited in this Complaint

9.      XL Brands be awarded prejudgment interest; and

10.      XL Brands be awarded such other and further relief as the Court may deem just and proper.

Date:  June 29, 2016                              Respectfully submitted,

                                                 /s/ Stephen M. Schaetzel
                                                 Stephen M. Schaetzel, Ga. Bar No. 628653
                                                 Email: sschaetzel@mcciplaw.com
                                                 MEUNIER CARLIN & CURFMAN LLC
                                                 999 Peachtree Street, N.E.
                                                 Suite 1300
                                                 Atlanta, GA 30309
                                                 404-645-7700 (ph)
                                                 404-645-7707 (fax)

                                                 Robert E. Richards, Ga. Bar No. 603844
                                                 Email: richardsiplaw@comcast.net
                                                 RICHARDS IP LAW
                                                 2146 Roswell Road
                                                 Suite 208-863
                                                 Marietta, GA 30062
                                                 404-990-4558 (ph)