<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE NORTHERN DISTRICT OF GEORGIA</u>
<u>ATLANTA DIVISION</u>

| | |
|---|---|
| **XL BRANDS, LLC** | : |
| | : |
| **Plaintiff,** | : |
| | :**CIVIL ACTION** |
| **vs.** | :**FILE NO.: 1:16-cv-02343-TCB** |
| | : |
| **BASE KING, LLC** | : |
| | : |
| **Defendant.** | : |

## <u>ANSWER OF DEFENDANT BASE KING, LLC</u>

Comes now, Base King, LLC (Base King), and hereby files its Answer to the Complaint of XL Brands, LLC (XL Brands) by showing to this Court as follows:

### <u>FIRST DEFENSE</u>

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### <u>SECOND DEFENSE</u>

Venue is improper insofar as the case should be transferred to the Rome Division of the United States District Court, Northern District of Georgia.

1

## THIRD DEFENSE

Plaintiff is not entitled to any injunctive or other equitable relief insofar as Plaintiff has not suffered any irreparable harm.

## FOURTH DEFENSE

Plaintiff's Complaint is barred by laches.  More specifically, Plaintiff has been aware of what Plaintiff perceives as trademark violations by Base King for over two (2) years without filing any legal action.  Attached hereto as Exhibits One (1) through Four (4) is a series of letters, beginning on March 20, 2014, showing Plaintiff's knowledge of Base King's trademark ENVIROSTIX.

## FIFTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiff has suffered no damages as a result of Defendant's conduct as alleged in the Complaint or otherwise.

## SEVENTH DEFENSE

If Plaintiff has suffered any damages, which Defendant specifically denies, said damages resulted from the conduct of some third party.

## EIGHTH DEFENSE

Plaintiff has not been damaged by Defendant's products in the marketplace insofar as Defendant's products are dissimilar to those of the Plaintiff.

## NINTH DEFENSE

The claims contained in Plaintiff's Complaint are barred by reason of the fact that Defendant is not engaged and has not engaged in any act or series of actions that have created or would create an actionable likelihood of confusion with regard to the source of any goods or services of Plaintiff for which Plaintiff has any right to bring an action before this Court.

## TENTH DEFENSE

The claims in Plaintiff's Complaint are barred because Defendant has not unfairly competed with Plaintiff.

## ELEVENTH DEFENSE

The claims in Plaintiff's Complaint are barred by reason of the fact that it identifies no valid, protectable, or enforceable trademark rights or other subject matter for which Plaintiff has any right of exclusivity under the law against Defendant with regard to the letters "STIX", whether used alone or in combination with other letters, words or phrases.

3

## TWELFTH DEFENSE

The claims contained in Plaintiff's Complaint are barred because Defendant has committed no violation of 15 U.S.C. §1114, 1125 or of Georgia's Unfair Trade Practices Act, O.C.G.A. §§10-1-370 to 10-1-375(2010), or any other law.

## THIRTEENTH DEFENSE

Plaintiff's common law and state claim are, in whole or in part, preempted by federal law.

## FOURTEENTH DEFENSE

The claims contained in Plaintiff's Complaint are barred because Plaintiff has failed to protect its names or marks against the widespread use by others for years.

## FIFTEENTH DEFENSE

Insofar as Defendant has not yet had an opportunity to conduct a thorough investigation or complete discovery in this case, Defendant reserves the right to plead additional affirmative defenses and amend its Answer, if necessary, as allowed by law.

## SIXTEENTH DEFENSE

Any allegation contained in Plaintiff's Complaint which is not specifically

admitted is hereby expressly denied.

## SEVENTEENTH DEFENSE

Defendant responds to the specific paragraphs of Plaintiff's Complaint as follows:

1.

Defendant Base King is without knowledge or information to form a belief as to the truth of the allegation in Paragraph one (1) and the same are, therefore, denied.

2.

As to Paragraph two (2) of the Complaint, Base King admits that it uses the designations "EnviroSTIX" and "STIXTAPE". The remaining allegations are denied.

3.

The allegations contained in Paragraph three (3) are denied.

4.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph four (4), and the same are, therefore, denied.

5.

The allegations contained in Paragraph five (5) are admitted. In further answer, Defendant shows that this Complaint should have been filed in the Rome Division of the Northern District of Georgia.

6.

The allegations contained in Paragraph six (6) are admitted.

7.

As to the allegations contained in Paragraph seven (7), Base King admits this Court has jurisdiction because Base King resides in this State. The remaining allegations are denied.

8.

As to the allegations contained in Paragraph eight (8), Base King admits venue is properly in the Northern District of Georgia. Base King denies that the case should be in the Atlanta Division. Instead, it should have been filed in the Rome Division. The remaining allegations, insofar as they assert alleged acts of wrongdoing by Base King, are denied.

9.

Defendant Base King is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph nine (9), and the same are, therefore, denied.

10.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph ten (10), and the same are, therefore, denied.

11.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph eleven (11), and the same are, therefore, denied.

12.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph twelve (12), and the same are, therefore, denied.

13.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph thirteen (13), and the same are, therefore, denied.

14.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph fourteen (14), and the same are, therefore, denied.

15.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph fifteen (15), and the same are, therefore, denied.

16.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph sixteen (16), and the same are, therefore, denied.

17.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph seventeen (17), and the same are, therefore, denied.

18.

Defendant Base King is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph eighteen (18), and the same are, therefore, denied.

19.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph nineteen (19), and the same are, therefore, denied.

20.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph twenty (20), and the same are, therefore, denied.

21.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph twenty-one (21), and the same are, therefore, denied.

22.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph twenty-two (22), and the same are, therefore, denied.

23.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph twenty-three (23), and the same are, therefore, denied.

24.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph twenty-four (24), and the same are, therefore, denied.

25.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph twenty-five (25), and the same are, therefore, denied.

26.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph twenty-six (26), and the same are, therefore, denied.

27.

The allegations contained in Paragraph twenty-seven (27) are denied.

28.

The allegations contained in Paragraph twenty-eight (28) are denied.

29.

The allegations contained in Paragraph twenty-nine (29) are denied.

30.

As to Paragraph thirty (30), Base King denies that its application for "EnviroSTIX" adhesive product is the same type of application as the adhesive products sold under XL Brand's federally registered STIX trademark. The remaining allegations are admitted. In further answer Base King shows that its product "EnviroSTIX" is a registered trademark.

31.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph thirty-one (31), and the same are, therefore, denied.

32.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph thirty-two (32), and the same are, therefore, denied.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph thirty-three (33), and the same are, therefore, denied. In further answer, Defendant denies its products are "confusingly similar" to those of Plaintiff.

34.

The allegations contained in Paragraph thirty-four (34) are denied.

35.

Base King admits there is no business relationship between it and XL Brands.  To the extent that the allegations in paragraph thirty-five (35) are an attempt to assert wrongdoing by Base King, said allegations are denied.

36.

The allegations contained in Paragraph thirty-six (36) are denied.

37.

The allegations contained in Paragraph thirty-seven (37) are denied.

38.

The allegations contained in Paragraph thirty-eight (38) are admitted.  In further answer, Base King shows that the EnviroSTIX product has unique

properties and applications different from products sold by XL Brands.

39.

The allegations contained in Paragraph thirty-nine (39) are denied.

40.

As to paragraph forty (40) of the Complaint, the allegations are denied as stated. The registration includes in bold type "EnviroSTIX" with the words "Applied Poly-Acrylic Adhesive System" in smaller print below it.

41.

The allegations contained in Paragraph forty-one (41) are denied.

42.

As to paragraph forty-two (42) of the Complaint, the allegations are admitted.  In further answer, Base King shows that XL Brands has been aware of Base King's "EnviroSTIX" trademark since at least March 20, 2014 (See Exhibit "1"), without taking any legal action to protect its alleged rights of ownership and use.

43.

The allegations contained in Paragraph forty-three (43) are denied.

44.

As to the allegations contained in Paragraph forty-four (44) of the Complaint, Base King admits that it offers for sale and sells a concrete primer sealer under the name EnviroSTIX primer sealer. The remaining allegations are denied.

45.

The allegations contained in Paragraph forty-five (45) are denied.

46.

Base King admits there is no business relationship between it and XL Brands. To the extent that the allegations in paragraph forty-six (46) are an attempt to assert wrongdoing by Base King, said allegations are denied.

47.

The allegations contained in Paragraph forty-seven (47) are denied.

48.

The allegations contained in Paragraph forty-eight (48) are denied.

49.

The allegations contained in Paragraph forty-nine (49) are denied.

50.

The allegations contained in Paragraph fifty (50) are denied.

51.

Base King admits there is no business relationship between it and XL Brands. To the extent that the allegations in paragraph fifty-one (51) are an attempt to assert wrongdoing by Base King, said allegations are denied.

52.

The allegations contained in Paragraph fifty-two (52) are denied.

53.

The allegations contained in Paragraph fifty-three (53) are denied.

54.

Defendant re-alleges its' responses to Paragraphs One (1) through Fifty-Three (53) of the Complaint as if the same appeared verbatim herein.

55.

The allegations contained in Paragraph fifty-five (55) are denied.

56.

The allegations contained in Paragraph fifty-six (56) are denied.

57.

The allegations contained in Paragraph fifty-seven (57) are denied.

58.

The allegations contained in Paragraph fifty-eight (58) are denied.

59.

The allegations contained in Paragraph fifty-nine (59) are denied.

60.

The allegations contained in Paragraph sixty (60) are denied.

61.

The allegations contained in Paragraph sixty-one (61) are denied.

62.

Defendant re-alleges its responses to Paragraphs One (1) through Sixty-One (61) of the Complaint as if the same appeared verbatim herein.

63.

The allegations contained in Paragraph sixty-three (63) are denied.

64.

The allegations contained in Paragraph sixty-four (64) are denied.

65.

The allegations contained in Paragraph sixty-five (65) are denied.

66.

The allegations contained in Paragraph sixty-six (66) are denied.

67.

The allegations contained in Paragraph sixty-seven (67) are denied.

68.

The allegations contained in Paragraph sixty-eight (68) are denied.

69.

Defendant re-alleges its responses to Paragraphs One (1) through Sixty-Eight (68) of the Complaint as if the same appeared verbatim herein.

70.

The allegations contained in Paragraph seventy (70) are denied.

71.

The allegations contained in Paragraph seventy-one (71) are denied.

72.

Defendant re-alleges its responses to Paragraphs One (1) through Seventy-One (71) of the Complaint as if the same appeared verbatim herein.

73.

The allegations contained in Paragraph seventy-three (73) are denied.

74.

The allegations contained in Paragraph seventy-four (74) are denied.

75.

The allegations contained in Paragraph seventy-five (75) are denied.

76.

The allegations contained in Paragraph seventy-six (76) are denied.

77.

Defendant re-alleges its responses to Paragraphs One (1) through Seventy-Six (76) of the Complaint as if the same appeared verbatim herein.

78.

The allegations contained in Paragraph seventy-eight (78) are denied.

79.

The allegations contained in Paragraph seventy-nine (79) are denied.

80.

The allegations contained in Paragraph eighty (80) are denied.

81.

The allegations contained in Paragraph eighty-one (81) are denied.

82.

The allegations contained in Paragraph eighty-two (82) are denied.

83.

The allegations contained in Paragraph eighty-three (83) are denied.

84.

Defendant re-alleges its responses to Paragraphs One (1) through Eighty-Three (83) of the Complaint as if the same appeared verbatim herein.

85.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph eighty-five (85), and the same are, therefore, denied.

86.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph eighty-six (86), and the same are, therefore, denied.

19

87.

Defendant Base King is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph eighty-seven (87), and the same are, therefore, denied.

88.

The allegations contained in Paragraph eighty-eight (88) are admitted.

89.

The allegations contained in Paragraph eighty-nine (89) are denied.

90.

The allegations contained in Paragraph ninety (90) are denied.

91.

As to the allegations contained in Paragraph ninety-one (91), Defendant admits the Court has authority to take action regarding trademark registrations. Defendant denies that any evidence exists which would justify cancellation or suspension of Defendant's trademark. To the extent these allegations attempt to allege any wrongdoing by Base King, the same are denied.

92.

The allegations contained in Paragraph ninety-two (92) are denied.

WHEREFORE, Defendant prays that Plaintiff's prayer for relief, including

all sub-parts be denied, that Plaintiff's Complaint be dismissed, and that Defendant

Base King have such other relief as deemed proper by this Court.

Respectfully submitted this 11th day of August, 2016.

**R. LESLIE WAYCASTER, JR., P.C.**

BY: s/R. Leslie Waycaster, Jr.

P. O. Box 628
Dalton, GA 30722
(706) 226-0100
leslie@waycaster-law.com

**R. LESLIE WAYCASTER, JR.**
GEORGIA BAR NO.: 742500
ATTORNEY FOR DEFENDANT

21

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **XL BRANDS, LLC** | : |
| | : |
| **Plaintiff,** | : |
| | **:CIVIL ACTION** |
| **vs.** | **:FILE NO.: 1:16-cv-02343-TCB** |
| | : |
| **BASE KING, LLC** | : |
| | : |
| **Defendant.** | : |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served

Stephen M. Schaetzel, Esq.
Meunier Carlin & Curfman, LLC
999 Peachtree Street, NE
Suite 1300
Atlanta, Ga 30309

Robert Emerson Richards, Esq.
Richards IP Law
2146 Roswell Road.
Suite 108-863
Marietta, GA 30062

with a copy of the foregoing ANSWER by electronically filing with the Clerk of

Court using the CM/ECF system and by depositing in the United States Mail

copies of same in a properly addressed envelope with adequate postage thereon.

This 11th day of August, 2016.

Respectfully submitted,

R. LESLIE WAYCASTER, JR., P.C.

BY: s/R. Leslie Waycaster, Jr.

P. O. Box 628
Dalton, GA 30722
(706) 226-0100
leslie@waycaster-law.com

**R. LESLIE WAYCASTER, JR.**
GEORGIA BAR NO.: 742500
ATTORNEY FOR DEFENDANT